# EXHIBIT A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and Release is made this ___9___ day of ~~January~~ February 2016, between Plaintiff Ricarda Cazares ("Plaintiff"), and Defendants Park's NY Cleaners, Inc., Seung Kwon Park a/k/a Bob Park (collectively "Defendants").

WHEREAS Plaintiff was a former employee of Defendant Park's NY Cleaners, Inc.; and

WHEREAS Plaintiff, through her counsel, Eisner & Associates, P.C., has filed an action in the United States District Court, Southern District of New York ("the Court"), under Case No. **15 Civ. 5782**, alleging, *inter alia*, that she is entitled to compensation for failure to pay minimum, spread of hours and overtime wages for hours worked during her employment with Defendant Park's NY Cleaners, Inc. (the "Action"); and

WHEREAS Defendants deny all of the material allegations asserted by Plaintiff in her Complaint and have denied and continue to deny that they have violated any law, rule or regulation or committed any wrong whatsoever against Plaintiff; and

WHEREAS the parties agreed to memorialize their agreement in a writing;

**NOW, THEREFORE**, with the intent to be legally bound hereby, and in consideration of the mutual covenants and promises herein contained and for other good and valuable consideration, the sufficiency and receipt of which the parties acknowledge, the Parties agree as follows:

1. **Settlement Payment and Other Consideration**
   a. In full and final settlement of the Action, as well as any amounts Plaintiff may have the right to receive from Defendants under any agreements or under any applicable law and all claims that Plaintiff has or may have against Defendants, and their affiliates, past and present officers, directors, employees and representatives, and in consideration for the general release contained in Paragraph 2 of this Agreement, Defendants shall make an aggregate payment of eight thousand five hundred ($8,500.00) dollars, as follows:
      i. Payment of $2,833.33, made payable to plaintiff as wages on or before February 26, 2016.
      ii. Payment of $2,833.33, made payable to Eisner & Associates, P.C. as attorney's fees, on or before February 26, 2016.
      iii. Payment of $2,833.34, made payable to plaintiff as damages, on or before February 26, 2016.
   b. Plaintiff and her counsel shall provide fully executed "W-9s" to Defendants' counsel prior to payment.
   c. Except as provided above, each party shall bear the party's own costs and fees.
2. **Release. Mutual**
   a. In consideration for the payment and benefits provided for in Paragraph 1 of this Agreement, Plaintiff and his successors, assigns, heirs, executors, agents, administrators and any legal and personal representatives, and each of them hereby releases, remises, acquits and forever discharges Defendants and their predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, trustees, directors, shareholders, partners, employees, agents, heirs,

foodbeyond.stipulation.v1

        administrators, executors and attorneys, past and present (the "Releasees") from any and all claims, demands, actions, causes of action, debts, liabilities, rights, contracts, obligations, duties, damages, costs, of every kind and nature whatsoever, and by whomever asserted, whether at this time known or suspected, or unknown or unsuspected, anticipated or unanticipated, direct or indirect, fixed or contingent, which may presently exist or which may hereafter become known, arising out of or in any way connected with Plaintiff's claims under the Fair Labor Standards Act and New York Labor Law.

   b.   Plaintiff hereby expressly consents that the general release contained in Paragraph 2(a) shall be given full force and effect according to each and all of its express terms and provisions. Plaintiff hereby expressly acknowledges that she has been advised to review this Agreement and the general release that it contains with an attorney, that she understands and acknowledges the significance and consequences of said general release, and that she understands and acknowledges that without such provision, Defendants would not have entered into this Agreement or provided Plaintiff with the payments and benefits described in Paragraph 1.

   c.   This release shall not affect or limit: (a) any claims that may arise after the date Plaintiff signs this Agreement; (b) Plaintiff's right to enforce the terms of this Agreement; (c) any rights Plaintiff may have to receive benefits for occupational illness or injury under the Workers' Compensation Law; and/or (d) any other claims that, under controlling law, may not be released by private settlement, including claims for vested benefits under any ERISA plan.

   d.   Defendants and their successors and assigns will release, remise, acquit and forever discharge Plaintiff from any and all claims, demands, actions, causes of action, debts, liabilities, rights, contracts, obligations, duties, damages, costs, of every kind and nature whatsoever, and by whomever asserted, whether at this time known or suspected, or unknown or unsuspected, anticipated or unanticipated, direct or indirect, fixed or contingent, which may presently exist or which may hereafter become known, arising out of or in any way connected with Plaintiff's relationship with any of Defendants, the termination of that relationship, or any other transaction, occurrence, act or omission, or any loss, damage or injury whatsoever, known or unknown, suspected or unsuspected, resulting from any act or omission Plaintiff committed or omitted prior to the date of this Agreement and Release.

**3.** **Effective Date**
The provisions of this Agreement shall become effective upon execution of this Agreement by all parties.

**4.** **Stipulation of Dismissal**
Within five (5) days after the receipt of this signed Settlement Agreement, Plaintiff's attorneys shall execute and deliver to Defendants' counsel a stipulation discontinuing the Action with prejudice. Upon default, either party may restore this action to enforced the terms of this Settlement Agreement. Plaintiff's counsel shall also execute and deliver to Defendants' counsel any additional or other documentation required by the Court to effectuate the termination of Plaintiff's claims against Defendants.

**5.** **Non-Admission**
The parties agree that this Agreement is not and shall not be construed as an admission by any party of any liability or misconduct, or a violation of any of Defendants' policies or

procedures, or of any federal, state or local statute, regulation or ordinance. Moreover, neither this Agreement nor anything contained in it shall be construed to be or shall be admissible in any proceeding as evidence of any admission by Defendants of any violation of any policies or procedures or of any federal, state or local statute, regulation or ordinance. This Agreement may be introduced, however, in any proceeding to enforce the Agreement.

6. **Successors and Assigns**

Upon the merger or consolidation of Defendant Corporation into or with another entity, or upon the sale of all or substantially all the assets, business, and goodwill of Defendant Corporation, this Agreement and Release shall bind and inure to the benefit of both Defendant Corporation and the acquiring, succeeding, or surviving entities, as the case may be.

7. **Applicable Law; Forum Selection**

This Agreement supersedes any and all prior agreements between the parties whether oral or in writing. This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York without reference to its conflicts of laws principles. The parties consent to the sole jurisdiction of the federal and state courts with jurisdiction in Southern District of New York for any litigation arising out of the terms of this Agreement.

8. **Execution in Counterparts; Scanned signatures; Force and effect**

This Agreement may be executed using scanned signatures, and in counterparts, with the same effect as if the signatures were original and made on the same instrument. A copy of a party's signature on this Agreement shall be acceptable in any action against that party to enforce this Agreement. Electronic copies of this Agreement shall be deemed for all purposes to have the same force and effect as the original hereof.

9. **Non-Disparagement**

Plaintiff and Defendants agree that they shall not, directly or indirectly, in public or in private, deprecate, impugn, disparage, or make any remarks that would or could be construed to defame each other. Should Defendants or their agents, successors or assigns, be contacted regarding an employment reference for Plaintiff, Defendants shall provide a neutral reference, confirming dates of employment, last wage rate, and job title. If Defendants are specifically asked about the Action as part of a request for an employment reference, Defendants will state solely that the matter has been resolved.

10. **Breach; Cure; Enforcement**

    a. The parties agree that the Court will retain jurisdiction of the Action for the sole purpose of enforcing the terms of this Settlement Agreement.

    b. In the event of a breach of any provision of this Agreement, the non-breaching party shall provide written notice to the breaching party as provided for in Paragraph 15, and the breaching party shall have ten (10) days from receipt of the written notice to cure the aforementioned breach (the "cure period"). In the event a material breach of this agreement still exists after the cure period has expired, the non-breaching party shall be entitled to reasonable costs, attorneys' fees, and disbursements required in order to enforce this agreement, in addition to any other relief a court deems just and proper.

11. **Entire Agreement**

This Agreement sets forth Plaintiff's full and complete rights, payments, and benefits (including, without limitation, rights, payments, and benefits under any employment arrangements, prospective employment arrangements, stock or stock option plan, sick

pay, vacation pay, health and other benefits plans) that Plaintiff is entitled to receive from Defendants and represents the entire agreement between the parties. This Agreement supersedes all prior and contemporaneous understandings by and between the parties and represents the complete expression of the understandings by and between Plaintiff and Defendants. No other promises or agreements shall be binding or shall modify this Agreement unless signed by Plaintiff and an authorized representative of Defendants hereto, specifically referring to this Agreement and the modification or amending of it.

12. **Non-waiver**

No delay or omission by any party in exercising any rights under this Agreement shall operate as a waiver of that or any other right. A waiver or consent given by a party on one occasion shall be effective only in that instance and shall not be construed as a bar or waiver of any right on any other occasion.

13. **Interpretation**
   a. Construal. Each of the parties has participated in negotiating and drafting this Settlement Agreement after consulting with, and/or having had the opportunity to consult with, legal counsel. Accordingly, no party shall maintain that the language of this Settlement Agreement shall be construed in any way by reason of another party's putative role in drafting any of these documents. Ambiguities shall not be construed against any party based on any claim about the identity of the drafter of the language.
   b. Severability. In the event that any provision of this Agreement is held by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining provisions shall not be affected; and the illegal or invalid provisions shall be reformed to the extent possible to be consistent with the other terms of this Agreement; and if such provisions cannot be so reformed, they shall not be deemed to be a part of this Agreement.
   c. Section Headings. Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

14. **Representations and warranties**
   a. Each of the undersigned warrants that they are legally competent and duly authorized by the respective parties to execute this Settlement Agreement on behalf of such party.
   b. Each party hereby warrants, represents, covenants and acknowledges that it has been represented by independent legal counsel in connection with the review, negotiation, and execution of this Settlement Agreement. Each party acknowledges that it has voluntarily, and upon the advice and approval of its legal counsel in this matter, read and understood this Settlement Agreement and all of its terms and conditions and agrees to each and every term and condition herein.
   c. Plaintiff acknowledges and agrees that, at all times relevant to this Action and throughout the negotiation and execution of the Agreement, she has been well-represented by counsel.
   d. Plaintiff represents that, other than the Action, Plaintiff has not commenced or asserted any lawsuit, administrative charge or complaint, arbitration, claim or other legal proceeding against any or all of the Releasees that is designed to remedy or seek redress for any right or rights waived and/or released by this Agreement.

15. **Notices**

Any provision of this Agreement that calls for notice to be sent to Plaintiff or Defendants shall be sent via email, overnight mail, or first class mail, and shall be directed as follows, or to any other address designated in writing:

| Plaintiff: | Defendants: |
|---|---|
| EISNER & ASSOCIATES, P.C. | LAW OFFICES OF JONATHAN Y. SUE, PLLC |
| Attn: Benjamin Dictor, Esq. | Attn: Jonathan Y. Sue, Esq. |
| 113 University Place, 8th Floor | 303 Fifth Avenue, Suite 1302 |
| New York, New York 10003 | New York, New York 10016 |
| ben@eisnerassociates.com | js@jyspllc.com     mk@jyspllc.com |
| maria@eisnerassociates.com | |

All notices, requests, consents and other communications hereunder shall be deemed to have been received either (i) if by hand, at the time of the delivery thereof to the receiving party at the address of such party set forth above, (ii) if made by email, at the time that receipt thereof has been acknowledged by electronic confirmation or otherwise, (iii) if sent by overnight courier, on the next business day following the day such notice is delivered to the courier service, or (iv) if sent by first class, registered or certified mail, on the 5th business day following the day such mailing is made. No other methods of delivery are valid other than those expressly set forth above.

### 16. Signatures

PLAINTIFF and DEFENDANTS ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND IS VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.

_____   2/8/2016
Ricarda Cazares                Date

Park's NY Cleaners, Inc.
_____   2/4/16
By: Seung Kwon Park, President   Date

_____   2/4/16
Seung Kwon Park               Date

EISNER & ASSOCIATES, P.C.
*Attorneys for Plaintiff*

By: Benjamin Dictor
113 University Place, 8th Floor
New York, New York 10003
212.473.8700

LAW OFFICES OF JONATHAN Y. SUE, PLLC
*Attorneys for Defendants*
*Park's NY Cleaners, Inc., and*
*Seung Kwon Park a/k/a Bob Park*

By: Jonathan Y. Sue
303 Fifth Avenue, Suite 1302
New York, New York 10016
212.967.1001

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICARDA CAZARES,<br><br>　　　　　　　Plaintiff,<br><br>　　-vs-<br><br>PARK'S NY CLEANERS, INC., NEW YORK CLEANERS, INC., jointly d/b/a NEW YORK CLEANERS, SEUNG KWON PARK, BOB PARK, JOSE LARA and RAJNIKANT S. PATEL,<br><br>　　　　　　　Defendants. | 15 CIV. 5782   (KPF)<br><br>**STIPULATION AND ORDER OF VOLUNTARY DISMISSAL**<br><br>ECF CASE |

**IT IS HEREBY STIPULATED AND AGREED** by and between by and between the undersigned attorneys for the parties, that the Complaint and any and all claims that were or could have been asserted in this action by any party are hereby dismissed in their entirety, with prejudice in accordance with the provisions of Rule 41(a)(1) of the Federal Rules of Civil Procedure, and with each party to bear its own costs, expenses, disbursements and attorneys' fees.

Dated: New York, New York　　　　　　　　　Dated: New York, New York
　　　　February _1b_, 2016　　　　　　　　　　　　　February _4_, 2016

　　EISNER & ASSOCIATES, P.C.　　　　　　　　LAW OFFICES OF JONATHAN Y. SUE, PLLC
　　*Attorneys for Plaintiff*　　　　　　　　　　　　*Attorney for Defendants*
　　　　　　　　　　　　　　　　　　　　　　　　　　*Park's NY Cleaners, Inc., and*
　　　　　　　　　　　　　　　　　　　　　　　　　　*Seung Kwon Park a/k/a Bob Park*

By: _____　　　　By: _____
　　Benjamin Dictor, Esq.　　　　　　　　　　　Jonathan Y. Sue
　　113 University Place, 8th Floor　　　　　　303 Fifth Avenue, Suite 1302
　　New York, New York 10003　　　　　　　　New York, New York 10016
　　212.473.8700　　　　　　　　　　　　　　　　212.967.1001

LAW OFFICES OF
JONATHAN Y. SUE, PLLC
303 Fifth Avenue
Suite 1302
New York, NY 10016
212.967.1001